IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JAMES PATTON, | 03-CV-1722-BR |
|     Plaintiff, | OPINION AND ORDER |
| v. | |
| TARGET CORPORATION, | |
|     Defendant. | |

**MARK A. TURNER**
**NATHAN A. KARMAN**
Ater Wynne LLP
222 S.W. Columbia, Suite 1800
Portland, OR 97201-6618
(503) 226-1191

    Attorneys for Plaintiff

**JOHN M. COWDEN**

1    OPINION AND ORDER

**MICHAEL A. GRIFFIN**
Jackson Lewis LLP
One Union Square
600 University Street, Suite 2900
Seattle, WA 98101
(206)405-0404

  Attorneys for Defendant

**HARDY MYERS**
Attorney General
**FREDERICK C. RUBY**
Senior Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR 97301-4096
(503) 947-4400

  Attorneys for Intervenor

**BROWN, Judge.**

This matter comes before the Court on the State of Oregon's Motion to Intervene(#98) to assert its objection to the parties' Joint Motion to Approve the Form of Judgment (#96) in which the parties seek to dismiss this matter with prejudice pursuant to a Stipulated Final Judgment.

For the following reasons, the Court **GRANTS** the State's Motion.

## BACKGROUND

Plaintiff filed a Complaint against Defendant on December 11, 2003, alleging, *inter alia*, a common-law wrongful

discharge claim. On June 12, 2007, this Court held a four-day jury trial. On June 15, 2007, the jury rendered a Verdict in favor of Plaintiff against Defendant. The Verdict included a punitive damages award in favor of Plaintiff in the amount of $900,000.00 on his wrongful discharge claim.

On August 30, 2007, after entry of the Verdict but before a judgment was entered, Plaintiff and Defendant filed their Motion to Approve Form of Stipulated Judgment. On September 4, 2007, the State of Oregon filed its Motion to Intervene in order to object to the Stipulated Judgment. The parties oppose the State's Motion.

## **STANDARDS**

To establish intervention of right under Rule 24(a)(2), an applicant must satisfy four requirements:

> (1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent the applicant's interest.

*United States v. Alisal Water Corp.*, 370 F.3d 915, 918-19 (9th Cir. 2004). Courts broadly interpret these requirements to favor intervention guided by practical and equitable considerations. *Id.* at 919.

3   OPINION AND ORDER

Whether the State of Oregon has a significant protectable interest relating to the subject of the action is the only disputed requirement at issue. "An applicant for intervention has a significantly protectable interest if the interest is protected by law and there is a relationship between the legally protected interest and the plaintiff's claims." *Id.* This test is "not a bright-line rule . . . . It is enough that the interest is protectable under any statute." *Id.*

## **DISCUSSION**

Or. Rev. Stat. § 31.735[1] mandates 60% of punitive-damages awards arising from state-law claims must be paid to the Criminal Injuries Compensation Account of the State Department of Justice Crime Victims' Assistance Section. The parties, however, seek to dismiss this matter pursuant to a settlement agreement reached before the entry of judgment. In their proposed Stipulated Final Judgment, the parties do not indicate the settlement amount. The agreement, however, ostensibly would deprive the State of its statutory share of the punitive-damages award. The State of Oregon, therefore, seeks to intervene in this matter to ensure that it can protect its statutory claim to a portion of the punitive damages awarded by the jury pursuant to § 31.735.

In 1995 the Oregon Legislature amended former § 18.540(1)

---

[1] Section 31.735 was formerly Or. Rev. Stat. § 18.540.

and (3) to designate the Department of Justice as "a judgment creditor as to the punitive damages portion of [an] award" upon entry of a verdict rather than upon entry of a judgment.  *See* § 31.735(1).  The revised statute requires the prevailing party to notify the State when a verdict is entered that includes punitive damages.  In light of these changes, it is apparent the Oregon Legislature intended to recognize the State had a protectable interest in punitive-damage awards as of the time a jury verdict for such damages was "entered."

Moreover, on certification from the United States District Court of Oregon, the Oregon Supreme Court in *DeMendoza v. Huffman* held the State's substantive right to 60% of a punitive damages award arising from state-law claims may be enforced by the State in federal court.  334 Or. 425, 431 (2002).  The Ninth Circuit agreed.  *Engquist v. Or. Dep't. of Agric.*, 478 F.3d 985, 1001 (9th Cir. 2007).  Thus, the punitive-damages award rendered by the jury in this case arising from Plaintiff's state-law wrongful-discharge claim is subject to Oregon's split-recovery statute.

Although it is premature for this Court to determine the precise parameters of the State's interest in this award before entry of judgment, the Court, in the exercise of its discretion, concludes the State's present interest in the punitive-damages award in this case is "significantly protectable" under Or. Rev.

Stat. § 31.735. The Court, therefore, grants the State's Motion to Intervene in this action pursuant to Federal Rule of Civil Procedure 24(a).

## CONCLUSION

For these reasons, the Court **GRANTS** the State of Oregon's Motion to Intervene (#98).

IT IS SO ORDERED.

DATED this 9th day of October, 2007.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge