IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JAMES PATTON,　　　　　　　　　　　　　　03-CV-1722-BR

　　　　Plaintiff,　　　　　　　　　　　OPINION AND ORDER

v.

TARGET CORPORATION,

　　　　Defendant.

**NATHAN A. KARMAN**
**LORI IRISH BAUMAN**
Ater Wynne, LLP
222 S.W. Columbia, Suite 1800
Portland, OR 97201-6618
(503) 226-1191

　　　　Attorneys for Plaintiff

**JOHN M. COWDEN**
**MICHAEL A. GRIFFIN**
Jackson Lewis, LLP
One Union Square
600 University Street, Suite 2900
Seattle, WA 98101
(206)405-0404

　　　　Attorneys for Defendant

1   -   OPINION AND ORDER

**HARDY MYERS**
Attorney General
**FREDERICK C. RUBY**
Senior Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR 97301-4096
(503) 947-4400

       Attorneys for Intervenor State of Oregon

**BROWN, Judge.**

    This matter comes before the Court on the Joint Motion to Approve Form of Judgment (#96) in which Plaintiff James Patton and Defendant Target Corporation seek to dismiss this matter with prejudice pursuant to a Stipulated Final Judgment.  Intervenor State of Oregon objects to the dismissal.

    For the following reasons, the Court **GRANTS** the Joint Motion to Approve Form of Judgment (#96) and **DISMISSES** this matter **with prejudice**.

## BACKGROUND

    Plaintiff filed a Complaint against Defendant on December 11, 2003, alleging, *inter alia*, a common-law wrongful-discharge claim.  On June 12, 2007, this Court held a four-day jury trial.  On June 15, 2007, the jury rendered a Verdict in favor of Plaintiff against Defendant, which included a punitive-damages award in favor of Plaintiff in the amount of $900,000 on

2   -   OPINION AND ORDER

his wrongful-discharge claim.  On June 18, 2007, the Court entered the Verdict.  At the time, the parties anticipated extensive post-verdict motion practice concerning the viability of the punitive-damages award.

On August 30, 2007, before any post-trial motions were filed or a judgment on the Verdict was entered, Plaintiff and Defendant filed their Joint Motion to Approve Form of Judgment to dismiss the matter pursuant to a settlement agreement.  On September 4, 2007, the State of Oregon filed its Motion to Intervene in order to object to the Stipulated Final Judgment on the ground that the settlement agreement was reached without regard to the State's status as a "judgment creditor" of a share of the punitive-damages award under Oregon Revised Statute § 31.735.[1]  On October 9, 2007, the Court granted the State's Motion to Intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a) concluding that the State of Oregon demonstrated it has a significantly protectable statutory interest under the liberal rules governing intervention in federal court.  *See United States v. Alisal Water Corp.*, 370 F.3d 915, 918-19 (9th Cir. 2004).  The Court, however, did not reach the question of the scope of the State's statutory interest in the punitive-damages award prior to entry of judgment.

On October 17, 2007, the State filed its Complaint in

---

[1] Oregon Revised Statute § 31.735 was formerly § 18.540.

3  -   OPINION AND ORDER

Intervention seeking to protect the interest it asserted in the punitive-damages award. In its Complaint, the State requests the Court to reject the Stipulated Final Judgment because it would hinder the State's ability to protect that interest.

The Court heard oral argument on the Motion to Approve Form of Judgment on October 29, 2007. After supplemental briefing by the parties, the Court took the Motion under advisement on December 10, 2007.

## DISCUSSION

### I.   Section 31.735

Punitive-damage awards in cases arising under Oregon law are governed by Oregon Revised Statute § 31.735, a split-recovery statute. The statute allocates 60% of punitive-damages awards arising from state-law claims to the Criminal Injuries Compensation Account of the State Department of Justice Crime Victims' Assistance Section. Or. Rev. Stat. § 31.735(1)(b). In addition, the statute provides "[u]pon the entry of a verdict including an award of punitive damages, the Department of Justice shall become a judgment creditor as to the punitive damages portion of the award." Or. Rev. Stat. § 31.735(1). The statute also requires "[u]pon entry of a verdict including an award of punitive damages, the prevailing party shall provide notice to the [Oregon] Department of Justice" and "shall assure that the

4  -   OPINION AND ORDER

judgment identifies" the Department of Justice as a judgment creditor. Or. Rev. Stat. §§ 31.735(2),(3). The statute details the procedure for notice and distribution of payments made on the judgment, which cannot be modified "unless all affected parties, including the Department of Justice, expressly agree otherwise." Or. Rev. Stat. §§ 31.735(4),(5).

In *DeMendoza v. Huffman*, the Oregon Supreme Court sitting *en banc* upheld § 31.735 (then § 18.540) as consistent with the Oregon Constitution against multiple challenges. 334 Or. 425 (2002). The court also addressed whether the split-recovery statute applies in federal cases. *Id*. at 431-32. The court held the procedural rules created by the statute did not bind the federal courts, but held the State's substantive right to 60% of the punitive-damages award arising from state-law claims may be enforced by the State in federal court. *Id.* at 432. In addition, the court concluded the State becomes a judgment creditor even if it is not listed in the judgment. *Id*. *See also In re Stein*, 236 B.R. 34 (Bankr. D. Or. 1999). Subsequently, the Ninth Circuit also upheld the application of this split-recovery statute in federal court and found the statute entitles the State to the status of judgment creditor without becoming a party. *Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 1001 (9th Cir. 2007). Thus, Plaintiff's punitive-damages award in this wrongful-discharge case is subject to Oregon's split-recovery

5  -   OPINION AND ORDER

statute.

## II.  Joint Motion to Approve Form of Judgment.

Plaintiff and Defendant request the Court to approve their Stipulated Final Judgment.  As noted, after the Verdict was entered but before post-verdict motions and entry of judgment on the Verdict, they settled their dispute without the State's participation or consent.  At oral argument, counsel for Plaintiff and Defendant conceded the settlement does not provide for any payment to the State.  The State, however, contends it acquired a vested interest in the punitive-damages award under Oregon Revised Statute § 31.735 at the time the Verdict in this case was entered even though a judgment on that Verdict has not been entered.  The State also insists Plaintiff and Defendant cannot disturb that interest without approval by the Department of Justice.  In response, Plaintiff and Defendant assert the statute confers on the State only the right to notice of a punitive-damages award and the prospective status of a judgment creditor because the statute and controlling case law make clear the State can enforce the rights of a judgment creditor only *after* a judgment has been entered.

### A.  Standards.

To determine the meaning of the phrase "shall become a judgment creditor" and, thus, the nature of the State's interest created by § 31.735, the Court applies the method of statutory

6  -   OPINION AND ORDER

interpretation under Oregon law set out in *Portland General Electric v. Bureau of Labor and Industries*, 317 Or. 606, 610-12 (1993). Under that approach, a court first determines whether the terms of a statute are ambiguous in light of the text and context of the statute. *Id.* at 610. "'Ambiguity' is a term of art that means there are at least two reasonable interpretations of the statutory terms. A 'reasonable interpretation' is an interpretation that is not 'wholly implausible.'" *Rooklidge v. Driver and Motor Vehicle Servs. Branch of the Or. Dep't of Transp.*, No. A122472, 2007 WL 4500387, at *4 (Or. App. Dec. 26, 2007)(internal citation omitted). If the text is ambiguous, the court next examines the legislative history to determine the intent of the legislature. *PGE*, 317 Or. at 610-612. If the ambiguity is not resolved at that stage, the court finally turns to the canons of construction. *Id*.

    **B.    Interpretation of § 31.735.**

As noted, § 31.735(1) provides "[u]pon the entry of a verdict including an award of punitive damages, the Department of Justice shall become a judgment creditor as to the punitive damages portion of the award." The State asserts the phrase "shall become a judgment creditor" is ambiguous because its meaning cannot be ascertained from the text of the statute. Accordingly, the State maintains the Court must turn to the rules of statutory interpretation set out by the Oregon Supreme Court

7  -   OPINION AND ORDER

in *PGE* and, in doing so, must recognize the State has a statutory right sufficient to preclude entry of the negotiated judgment of dismissal.

The Court notes the term "judgment" is defined by Oregon Revised Statute § 18.005(8) as "the concluding decision of a court on one or more actions as reflected in the judgment document." The term "creditor" means "a person to whom a debt is owed by a debtor." Or. Rev. Stat. § 18.600(2). Finally, "[j]udgment document means a writing . . . that incorporates a court's judgment." Or. Rev. Stat. § 18.005(9). Accordingly, a "judgment creditor" is a person or entity with a legal claim to a portion of a monetary or other award memorialized in a judgment document entered as the conclusive decision in the case. The meaning of the term "judgment creditor" is, therefore, unambiguous.

The Court understands the State to argue that it is the combination of the phrase "upon the entry of a verdict" and the phrase "shall become a judgment creditor" that renders the statute ambiguous. The Court notes the entry of a verdict does not necessarily mean a money judgment will follow. For example, post-verdict motion practice concerning the constitutionality of punitive damages is likely in any contested case involving a punitive-damages award. *See, e.g.*, *Philip Morris USA v. Williams*, 127 U.S. 1057, 1062-65 (2007). The Court also notes a

8 -   OPINION AND ORDER

*plaintiff's* right to a punitive-damages award vests only upon entry of the judgment.  *DeMendoza*, 334 Or. at 449.  Thus, if the State could be treated in this case as a "judgment creditor" at the entry of the Verdict that included the award of punitive damages but before entry of any judgment on that award, the State could claim a superior right to a share of the punitive damages even before the Plaintiff has any right to the award and even without undertaking any legal risk to obtain the award in the first instance.  Moreover, if the State could become a "judgment creditor" before entry of judgment, the State could theoretically exercise the rights of a creditor even before the Court has made a decision as to whether the punitive-damages award will stand, will be reduced, or will be eliminated altogether.  It is, therefore, quite unclear what the Oregon Legislature conferred upon the State by directing it "shall become a judgment creditor" upon the entry of a verdict for punitive damages.

After considering the text of the statute, the plain meaning of the term "judgment creditor," and these practical considerations, the Court concludes it is not plausible to interpret § 31.735(1) literally to mean that the State *is* a "judgment creditor" upon entry of a verdict that includes a punitive-damages award because one cannot be a creditor of a judgment that has not been entered.  This leaves only one reasonable and unambiguous interpretation of paragraph (1):  The

State "shall become" (interpreted as mandatory in the future) a judgment creditor when a judgment is entered that includes an award of punitive damages.

With the exception of the right in paragraph 3 of § 31.735 to be notified within five days of the entry of a verdict that includes an award of punitive damages, the statute does not expressly confer any additional rights on the State prior to the entry of judgment.  In particular, the statute does not expressly confer party-status on the State when a verdict is entered that includes a punitive-damages award nor does it explicitly grant the State a vested property interest in a punitive-damages award prior to the entry of judgment.  The State's statutory right to notice upon entry of a verdict that includes a punitive-damages award appears only to serve the function of ensuring the State can enforce its rights as a judgment creditor when the judgment is entered.  The State emphasizes the statute's inclusion of the Department of Justice as an "affected party" in any decision-making regarding the distribution of payments on the judgment.  *See* Or. Rev. Stat. §§ 31.735(4),(5).  That status, however, derives from the prospective right to a share of payments on a judgment and can arise only after the entry of a judgment that includes a punitive-damages award.  Beyond the right to notice and to the prospective status of judgment creditor, the statutory language does not explicitly confer any enforceable pre-judgment

10 -   OPINION AND ORDER

rights on the State.

The *DeMendoza* court noted the former statute § 18.540 "asserts that the state has *an* interest 'immediately upon entry of a verdict'" that includes a punitive-damages award. 334 Or. at 452 (emphasis added). Here, however, the issue is whether that interest is sufficient to prevent the original parties from settling a case between entry of a punitive-damages verdict and a judgment awarding such damages.

The court in *DeMendoza*, upholding the split-recovery statute against a takings challenge under the Oregon Constitution, recognized under long-standing case law that a plaintiff does not have a vested property right in a punitive-damages award until the entry of judgment on that award. *Id*. at 449. Indeed, the court stated a Plaintiff in such circumstances has only "at most, an *expectation* of such award" until that point. *Id*. (emphasis added). The court concluded: "The question is whether a vested property right in a punitive damages award can accrue *before* entry of a final judgment for the purposes of [the takings provision]. The answer is that it cannot." *Id*. (emphasis in original).

The Ninth Circuit also addressed a takings challenge to § 31.735 under the Fifth Amendment to the United States Constitution as to whether a plaintiff had a property right in the expectation of a punitive-damages award. *Engquist,* 478 F.3d

11 -   OPINION AND ORDER

at 1001-05. Based on its analysis of state supreme court decisions and federal takings cases, the Ninth Circuit found those cases "compel us to conclude that Engquist's interest in her punitive damages award is not a property right cognizable under the Takings Clause, because punitive damages awards are necessarily contingent and discretionary." *Id*. at 1002. Ultimately the court reasoned the plaintiff did not have a vested property right in her expectation of punitive damages because of the uncertain nature of punitive damages. *Id*. at 1002-04.

Although the *DeMendoza* and the *Engquist* courts did not analyze the State's interest in punitive-damage awards under § 31.735 prior to the entry of judgment, it does not seem reasonable that the State's expectation of a share of a punitive-damages award prior to the entry of judgment would be any less uncertain than a plaintiff's expectation. In fact, here the State concedes this uncertainty in its Supplemental Memorandum in Opposition to the Parties' Form of Judgment when it notes the Court has the "inherent authority" to review the jury's Verdict and to reduce or potentially to eliminate the punitive-damages award on a variety of grounds.

For these reasons, the Court concludes the State does not have any vested or enforceable property interest in a punitive-damages award until a final judgment is entered awarding such damages because the State's expectation of a share of such an

12 -   OPINION AND ORDER

award up to that point, as with the expectation of the plaintiff as to his share, is dependent upon the entry of judgment.

If the Oregon Legislature intended § 31.735 to protect the State from a risk that litigants might "circumvent" the State's rights under the statute by settling their case in the procedural void between the entry of a verdict that includes an award of punitive damages and entry of judgment including such an award, the statute as written does not accomplish that goal.[2]  Even if this was the legislative intent, this Court cannot merely re-write the statute.  *See Badaracco v. C.I.R.*, 464 U.S. 386, 398

---

[2] The Court notes Oregon Rule of Civil Procedure 29A defines a necessary party as follows:

> A person who is subject to service of process shall be joined as a party in the action if (1) in that person's absence complete relief cannot be accorded among those already parties, or (2) that person claims an interest relating to the subject of the action and is so situated that the disposition in that person's absence may (a) as a practical matter impair or impede the person's ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of their claimed interest.

If the legislative intent behind Or. Rev. Stat. § 31.735 is to confer on the State "necessary party" status between entry of a punitive-damages verdict and a judgment awarding such damages in addition to its prospective status as a judgment creditor upon entry of judgment, more explicit language is required.  As written, the statute merely confers the State's right to notice between entry of a verdict and a judgment for punitive damages.

13 -   OPINION AND ORDER

(1984)("Courts are not authorized to rewrite a statute because they might deem its effects susceptible of improvement.").

In summary, the Court concludes the State has an interest under § 31.735 to a share of punitive-damage awards reflected in a judgment arising from claims under Oregon law. The statute ensures the State is notified about such an award upon entry of a verdict that includes a punitive-damages award and will be designated as a judgment creditor upon entry of a judgment for such damages. The State, however, does not become a judgment creditor until the entry of judgment. To the extent the Oregon Legislature intended to vest any additional rights in the State prior to the entry of judgment, those rights are not delineated in the statute as it is written.

## CONCLUSION

For these reasons, the Court **GRANTS** the parties' Joint Motion to Approve Form of Judgment (#96) and **DISMISSES** this matter **with prejudice**.

IT IS SO ORDERED.

DATED this 8th day of February, 2008.

/s/ Anna J. Brown
_____
ANNA J. BROWN
United States District Judge