IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


JAMES PATTON,                                    03-CV-1722-BR

       Plaintiff,                            OPINION AND ORDER

v.

TARGET CORPORATION,

       Defendant.


NATHAN A. KARMAN
LORI IRISH BAUMAN
FRANK V. LANGFITT
Ater Wynne, LLP
222 S.W. Columbia, Suite 1800
Portland, OR 97201-6618
(503) 226-1191

       Attorneys for Plaintiff

JOHN M. COWDEN
MICHAEL A. GRIFFIN
Jackson Lewis, LLP
One Union Square
600 University Street, Suite 2900
Seattle, WA 98101
(206) 405-0404

       Attorneys for Defendant


1  -  OPINION AND ORDER

**HARDY MYERS**
Attorney General
**FREDERICK C. RUBY**
Senior Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, OR 97301-4096
(503) 947-4400

      Attorneys for Intervenor State of Oregon


**BROWN, Judge.**

      This matter comes before the Court on Intervenor State of Oregon's Motion for Relief from Judgment of Dismissal (#114). The State seeks relief from the Court's Opinion and Order issued February 8, 2008, in which the Court approved the Joint Motion to Approve Form of Judgment submitted by Plaintiff and Defendant and dismissed this matter pursuant to a settlement agreement over the State's objection.  Because the State requests this Court to reconsider its decision pursuant to Federal Rule of Civil Procedure 60(b) on the basis of a purported change in controlling law, the Court construes the State's Motion as a Motion for Reconsideration.

      For the reasons that follow, the Court **GRANTS** Intervenor State of Oregon's Motion to the extent that the State requests the Court to reconsider its decision, and, having reconsidered the merits of the State's arguments, the Court **DENIES** the State's Motion for Relief from Judgment of Dismissal (#114).

2  -  OPINION AND ORDER

## BACKGROUND

Plaintiff James Patton filed a Complaint against Defendant Target Corporation on December 11, 2003, alleging, *inter alia*, a common-law wrongful-discharge claim. On June 12, 2007, this Court held a four-day jury trial. On June 15, 2007, the jury rendered a Verdict in favor of Plaintiff against Defendant, which included a punitive-damages award of $900,000 in favor of Plaintiff on his wrongful-discharge claim. On June 18, 2007, the Court entered the Verdict. At the time, the parties anticipated extensive post-verdict motion practice concerning the viability of the punitive-damages award.

On August 30, 2007, before any post-trial motions were filed or a judgment on the Verdict was entered, Plaintiff and Defendant filed their Joint Motion to Approve Form of Judgment to dismiss the matter pursuant to a settlement agreement. On September 4, 2007, the State of Oregon filed its Motion to Intervene in order to object to the Stipulated Final Judgment on the ground that the settlement agreement was reached without regard to the State's status as a "judgment creditor" of a share of the punitive-damages award under Oregon Revised Statute § 31.735.[1] On October 9, 2007, the Court granted the State's Motion to Intervene as a matter of right pursuant to Federal Rule of Civil Procedure 24(a) on the ground that the State of Oregon had

---

[1] Oregon Revised Statute § 31.735 was formerly § 18.540.

3  -  OPINION AND ORDER

demonstrated it has a significantly protectable statutory
interest under the liberal rules governing intervention in
federal court. *See United States v. Alisal Water Corp.*, 370 F.3d
915, 918-19 (9th Cir. 2004). In its Opinion and Order, however,
the Court did not reach the question of the scope of the State's
statutory interest in the punitive-damages award before entry of
judgment.

On October 17, 2007, the State filed its Complaint in
Intervention seeking to protect its asserted interest in the
punitive-damages award. In its Complaint, the State requested
the Court to reject the Stipulated Final Judgment because it
would hinder the State's ability to protect its interest in a
portion of that punitive-damages award. On October 29, 2007, the
Court heard oral argument on the parties' Motion for Judgment to
Approve Form of Stipulated Judgment and the State's objections.
The Court permitted the Plaintiff, Defendant, and the State to
brief the limited issue of the nature of the State's interest in
the procedural void between the entry of a verdict that includes
a punitive-damages award and the entry of a judgment that
includes such an award. The Court took the Motion under
advisement on December 7, 2007.

On February 8, 2008, the Court issued an Opinion and Order
approving the Stipulated Final Judgment submitted by Plaintiff
and Defendant and dismissed the matter with prejudice. The Court

held:

> [T]he State does not have any vested or
> enforceable property interest in a punitive-
> damages award until a final judgment is
> entered awarding such damages because the
> State's expectation of a share of such an
> award up to that point, as with the
> expectation of the plaintiff as to his share,
> is dependent upon the entry of judgment.
>     If the Oregon Legislature intended
> § 31.735 to protect the State from a risk
> that litigants might "circumvent" the State's
> rights under the statute by settling their
> case in the procedural void between the entry
> of a verdict that includes an award of
> punitive damages and entry of judgment
> including such an award, the statute as
> written does not accomplish that goal.  Even
> if this was the legislative intent, this
> Court cannot merely re-write the statute.

Opin. and Order at 12-13 (footnote omitted).


## STANDARDS

The disposition of motions for reconsideration is within the discretion of the district court. *See Bliesner v. Commc'n Workers of Am.*, 464 F.3d 910, 915 (9th Cir. 2006). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2004). *See also* Fed. R. Civ. P. 60(b).

5  -  OPINION AND ORDER

## DISCUSSION

The State contends an intervening change in controlling Oregon law compels this Court to reconsider its decision in its Opinion and Order issued on February 8, 2008, in light of *Man Aktiengesellschaft v. Daimlerchrysler AG*, 218 Or. App. 117 (2008), in which the Oregon Court of Appeals overturned the trial court's decision to deny the State of Oregon's motion to intervene in the underlying litigation. In *Man Aktiengesellschaft*, the trial court entered a judgment against the defendants for $350 million in punitive damages. *Id.* at 120. Amid post-judgment motions by the defendants challenging, *inter alia*, the sufficiency of the evidence to support the punitive-damages award, the parties settled the matter and moved the trial court to issue a supplemental judgment that would memorialize the settlement and eliminate the punitive-damages award. *Id.* at 120-21. The trial court permitted the State to submit formal, written objections contending the parties could not eliminate the State's share of the judgment under § 31.735, but the court denied the State's motion to intervene. *Id.* at 121. The trial court subsequently entered a supplemental judgment memorializing the parties' settlement, and the State appealed. *Id.* at 121-22.

The question before the Oregon Court of Appeals was whether the State should have been permitted to intervene, and the court analyzed Oregon Revised Statute § 31.735 to determine whether the

6 - OPINION AND ORDER

State had standing to challenge the parties' proposed settlement
and dismissal.  *Id.*  Based on its analysis of the statute and its
legislative history, the court held the State had standing to
"assert its rights under O.R.S. 31.735."  *Id.* at 120, 127-30.  In
*dicta*, the appeals court stated:

> [T]he state's interest arose at the very end
> of the trial, when the court entered the
> jury's verdict.  Beginning at that time, it
> had a vested right to 60 percent of the
> jury's award of punitive damages, subject to
> any legal challenges to that award. It was
> not necessary for the state to become a full
> party to the case in order to protect that
> right; its status as a judgment creditor,
> which gives it the ability to enforce the
> judgment, is sufficient protection.

*Id.* at 130.

On this basis, the State requests this Court to relieve it
from the Judgment entered February 8, 2008.  The State argues the
Court is bound to follow the holdings of the Oregon Court of
Appeals as well as its "considered *dicta*."  *See Rocky Mountain
Fire and Cas. Co. v. Dairyland Ins.*, 452 F.2d 603, 603-04 (9th
Cir. 1971).  A court may disregard the decision of an inter-
mediate court of appeal only if there is "convincing evidence
that the state's supreme court likely would not follow it."  *See
Ryman v. Sears, Roebuck and Co.*, 505 F.3d 993, 994 (9th Cir.
2007).  *See also Andrade v. City of Phoenix*, 692 F.2d 557, 559
(9th Cir. 1982).

Plaintiff and Defendant, however, contend the Oregon Court

of Appeals *dicta* does not constitute a change in the law applicable to this case because *Man Aktiengescellschaft* is distinguishable on three bases:  The trial court had entered a judgment before it denied the State's motion to intervene; the court of appeals addressed only the question whether the State had standing to challenge the judgment; and the court of appeals did not expressly address the nature of the State's interest before the entry of the judgment that included a punitive-damages award.

  1. **"Considered *Dicta*" of the Oregon Court of Appeals.**

  As noted, the question before the court of appeals in *Man Aktiengesellschaft* was whether the State had a sufficient interest in the punitive-damages award to confer standing on the State to object to the supplemental judgment memorializing the parties' settlement agreement, which eliminated the punitive damages without the State's involvement.  218 Or. App. at 121-22.  Of particular importance, the trial court in *Man Aktiengesellschaft* initially entered a judgment that included an award of punitive damages totaling $350 million.  The court of appeals reviewed the legislative history of the statute and concluded the Oregon Legislature had, at least implicitly, intended to confer standing on the State to enforce its rights under § 31.735.  *Id.* at 124-28.

  Because the question before the court of appeals was

8  -  OPINION AND ORDER

limited to whether the State had standing to challenge, the court
did not specifically address the nature of the interest conferred
on the State by § 31.735.  In its assessment of the Oregon
Legislature's intent, the court noted "[i]t is not entirely clear
what it means for the state to be a 'judgment creditor' before
the entry of a judgment, but it is certain that the legislature
intended the state to have a vested interest in an award of
punitive damages immediately upon the entry of a verdict."  *Id*.
at 127.  Thus, despite the court's single description of the
State's right as "vested" at the entry of a verdict that includes
a punitive-damages award, this Court concludes the court of
appeals's *dicta* on which the State relies in this case is not the
type of "considered *dicta*" that constitutes a change in
controlling law sufficient to compel the Court to alter its
assessment of the nature of the State's interest before the entry
of a judgment that includes a punitive-damages award.

> **2.  "Convincing Evidence" of the Oregon Supreme
>       Court's Potential Ruling.**

Even if the court of appeals' interpretation of
§ 31.735 regarding the State's interest in a punitive-damages
award were controlling, this Court is not bound by the court of
appeals decision if there is convincing evidence that the highest
state court would rule otherwise.  *See Ryman,* 505 F.3d at 994.
As this Court noted in its February 8, 2008, Opinion and Order,
the Oregon Supreme Court in *DeMendoza v. Huffman* upheld former

9  -  OPINION AND ORDER

§ 31.735 against numerous constitutional challenges by Plaintiffs who asserted the statute mandated an unconstitutional taking of property without just compensation.  334 Or. 425, 448-53 (2002). In upholding the statute, however, the *DeMendoza* court concluded a plaintiff's interest in a punitive-damage award "cannot" vest before the entry of a judgment containing such an award because of the uncertain nature of punitive-damages awards at that stage of the proceedings.  *Id.* at 449.  The court based its opinion on long-standing case law and held a plaintiff, until the entry of judgment, has "at most, an *expectation* of such an award," which does not constitute a legally protectable property right. *Id.* (emphasis added).  Neither the *DeMendoza* nor the *Man Aktiengesellschaft* courts distinguished the State's interest in a punitive-damages award from that of a plaintiff nor held it to be superior.

Thus, on the basis of the Oregon Supreme Court's analysis in *DeMendoza* and consistent with this Court's Opinion and Order of February 8, 2008, the Court finds there is convincing evidence that the Oregon Supreme Court would conclude the State's interest in a punitive-damages award under § 31.735 as it is presently written cannot vest until the entry of a judgment.  Thus, the Court adheres to its February 8, 2008, Opinion and Order.

10 -  OPINION AND ORDER

## **CONCLUSION**

For these reasons, the Court **GRANTS** Intervenor State of Oregon's Motion to the extent that the State requests the Court to reconsider its decision in its February 8, 2008, Opinion and Order, and, having reconsidered the merits of the State's arguments, the Court, in the exercise of its discretion, **DENIES** the State's Motion for Relief from Judgment of Dismissal (#114).

IT IS SO ORDERED.

DATED this 15th day of April, 2008.


/s/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

11 - OPINION AND ORDER